UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAO VITOR  R. M.,<br>A-245-789-736<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et. al.,<br><br>                    Respondents. | No.  1:26-cv-02512-DC-DMC-HC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1. Respondents filed an answer, ECF No. 8.

## I. BACKGROUND

Petitioner contends that he is a native of Brazil who entered the United States in February 2024, was detained by Immigration and Customs Enforcement (ICE), and released on parole. See ECF No. 1, pg. 2. Petitioner asserts that he left his home country "fleeing persecution based on his political opinion. Petitioner fear[s] that he will face serious harm or mistreatment if he return to Brazil. Because of his political involvement" and has applied for asylum. Id. at 5.

1

According to Petitioner, he appeared in court on January 7, 2026, in Boston, MA, where a DUI charge against him was dismissed. See id. at 6. Petitioner contends that as he left the court, he was detained by ICE. See id. Petitioner asserts that his due process rights and the Administrative Procedures Act were violated when his parole was revoked without due process. See id. at 7-9. Petitioner seeks immediate release and that Respondents be prevented from re-detaining Petitioner absent procedural safeguards. See id. at 12.

Respondents argue that, though "the majority of judges in the Eastern District of California have rejected the argument," Petitioner is an applicant for admission, subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 8, pg. 1. Respondents assert that the petition should be denied because Petitioner does not have a liberty interest nor "a right to freedom from immigration detention in any form other than the form provided by Congress." Id. at 2.  Attached to the answer is the Record of Deportable/Inadmissible Alien issued for Petitioner on January 7, 2026. See ECF No. 8-1, pgs. 1-4.

**II. DISCUSSION**

The undersigned finds that Petitioner has a protectable liberty interest in remaining out of custody, and he was deprived of this liberty without due process when re-detained without notice or a hearing.  Accordingly, the undersigned will recommend granting Petitioner's petition for writ of habeas corpus because his detention violates due process and recommend that Petitioner be immediately released from Respondents' custody under the same conditions he was released previously.

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. Hernandez v. Session, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings. Id. at 693–94. Courts examine procedural

2

due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). The Court considers each step in turn.

### A. **Liberty Interest**

As for the first step, the Court finds Petitioner has shown he has a protectable liberty interest. See Morrissey, 408 U.S. at 482. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'" Id. (quoting Morrissey, 408 U.S. at 482) (modifications in original). "Accordingly, a noncitizen release from custody pending immigration proceedings has a protected liberty interest in remaining out of custody." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025). To determine whether an individual's conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific conditional release in the case before them with the liberty interest in parole as characterized by Morrissey." R.D.T.M. v. Wofford, No. 1:25-cv-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept 9, 2025).

This Court, and many others, have repeatedly found that § 1225(b) applies only to noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner who were detained within the United States. See Morales-Flores v. Lyons, No. 1:25-CV-01640-

3

TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position); Zapata v. Kaiser, 801 F. Supp. 3d 919, 2025 WL 2741654, at *10 (N.D. Cal. 2025) (citing Salcedo Aceros, 2025 U.S. Dist. LEXIS 179594, 2025 WL 2637503, at *8) (collecting cases).  Thus, courts have determined that section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States. Cruz v. Noem, No. 1:26-cv-01818-DC-EFB (HC), 2026 U.S. Dist. LEXIS 71893, *8-9 (E.D. Cal. April 1, 2026) (collecting cases).

The undersigned acknowledges the decisions by the Fifth and Eighth Circuit Courts of Appeals in support of Respondents' argument that Petitioner is subject to § 1225(b). See ECF No. 7, pg. 3. However, other Circuit Courts have held differently, and the Ninth Circuit has yet to address the issue. The Seventh Circuit Court of Appeals concluded that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)." Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025). Similarly, the Second Circuit held that "Section 1225(b)(2) therefore applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization" and therefore, a noncitizen who "is not requesting lawful entry into the United States" is subject to Section 1226, given the use of the term "an alien," which has a broader application. Da Cunha v. Freden, 2026 LX 255042, at *18 and*48-49 (2d Cir. Apr. 28, 2026). Further, the Sixth Circuit found that "'§ 1225(a) applies to aliens already present in the United States,'" given the text of the statute, canon against surplusage, and "the government's previously unbroken 29-year streak of applying § 1226(a) as opposed to § 1225(b)(2)(A) to noncitizens" who have lived within the United States for years. Lopez-Campos v. Raycraft, 2026 LX 250200, at *31-31 and *15 (6th Cir. May 11, 2026) (quoting Jennings v. Rodriguez, 583 U.S. 281, 303 (2018))

Following and adopting the reasoning of other courts, the undersigned finds Petitioner is not actively "seeking admission" because he had been living in the United States for almost two years. See Castañon-Nava, 161 F.4th at 1060-62; Da Cunha, 2026 LX 255042, at *18

4

and*48-49; Lopez-Campos, , 2026 LX 250200, at *31-31 and *15; Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases concluding that § 1225 applies only to noncitizens "seeking admission," a category that does not include noncitizens like Petitioner, living in the interior of the country.).

For these reasons, this Court rejects the government's contention that Petitioner is an "applicant for admission" subject to § 1225(b)(2) and finds that Petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because Petitioner has resided in this country since Petitioner was released into the United States on parole, until Petitioner was arrested and detained on January 7, 2026. Petitioner's re-detention on January 7, 2026, was not upon Petitioner's arrival to the United States.

Such determination is further supported by the factual record here because there is no evidence in the record that an immigration officer made the requisite determinations for § 1225(b)(2)(A) to apply – that Petitioner is seeking admission and not clearly and beyond a doubt entitled to be admitted. Thus, given Petitioner is not "seeking admission," he therefore is not subject to mandatory detention under § 1225(b) and is instead subject to § 1226(a). Further, Petitioner was released on parole, indicating he was eligible for such parole, which is available under § 1226(a). Such release requires the government to determine Petitioner is not a danger nor a flight risk.

As to whether there exists a protected liberty interest, the Court finds Petitioner was released from immigration detention, which created a reasonable expectation that he would be entitled to retain his liberty absent a material change in circumstances. Petitioner was initially released on his own recognizance. Petitioner's detention goes against United States Supreme Court precedent which recognizes that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued release. See Morrissey, 408 U.S. 471 at 482. Given this, the Court finds Petitioner has established his liberty interest in his continued release.

///

///

**B.    Process Due**

Having found a protected liberty interest, the Court examines what process is necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. To determine such, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews v. Eldridge, 424 U.S. 319, 335 (1976). As set forth below, the Court finds Petitioner has established his due process rights were violated.

First, Petitioner has a substantial private interest in remaining free from detention. As discussed above, Petitioner has lived in the United States for almost two years. Despite that, Petitioner has now been detained for almost five months without any evidence of being afforded a bond hearing. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. See Manzanarez v. Bondi, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly); see also Colina-Meira v. Lyons, No. 1:25-cv-1716 CSK P, 2025 LX 673205 (E.D. Cal. Dec. 31, 2025).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any bond or custody redetermination hearing. "[T]he risk of erroneous deprivation is high when, as here, parole is revoked without written notice or reason." Chavarria, 2025 WL 3533606, at *3; see also A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023).

/ / /

/ / /

Thus, Court finds there is a serious likelihood Petitioner will be erroneously deprived of his liberty interest. Moreover, without any procedural safeguards to determine whether his re-detention was justifiable, the probative value of additional procedural safeguards is high. R.D.T.M., 2025 WL 2617255, at *4.

Finally, the Government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). This Court finds the government has an interest in enforcing immigration laws but Respondents' interest in detaining Petitioner without notice or a hearing here is low. See Ortega v. Bonnar, 415 F. Supp. 3d at 970; Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. March 3, 2025). Detention hearings in immigration courts are routine and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Even if Respondents believed they had a proper reason to detain Petitioner, such decision on their part would warrant written notice and a pre-detention hearing rather than automatic detention. See E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process").

On balance, the Court finds the Matthews factors weigh in favor of finding Petitioner is entitled to notice and a bond hearing, and Petitioner should have been provided such notice and a hearing before he was re-detained. The Due Process Clause requires that, at a minimum, "that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (internal quotation marks and citation omitted). In criminal cases, parolees released on parole, which does not provide "absolute liberty," but rather "conditional liberty properly dependent on observance of special parole restrictions," are also entitled to due process, including a pre-deprivation hearing before their parole can be revoked. Morrissey, 408 U.S. at 480-86. "Numerous district courts have held that these principles extend to the context of immigration detention." F.M.V., 2025 WL 3083934 at *6 (collecting cases). Respondents identify no reason why written notice was not provided or why a pre-deprivation hearing could not be

7

held, and provided no evidence of "urgent concerns," thus, "a pre-deprivation hearing is required to satisfy due process." Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025).

Thus, the undersigned finds Petitioner is entitled to relief as to his due process claims and will therefore recommend granting Petitioner's petition for writ of habeas corpus and ordering Petitioner's immediate release.

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends:

1.  It is RECOMMENDED that the Petition for writ of habeas corpus, ECF No. 1, be GRANTED;

2.  It is RECOMMENDED that Petitioner, A-245-789-736 be RELEASED IMMEDIATELY from Respondents' custody upon the same conditions as his prior release, with his belongings. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

3.  It is RECOMMENDED that this order be served on Golden State Annex;

4.  It is RECOMMENDED that Respondents be ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven (7) day notice and a hearing before a neutral fact-finder where Respondents show: (a) there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at

8

issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 22, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE